CASE 63—PETITION EQUITY—SEPTEMBER 22.

# Babbitt vs. Woolley, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1., In the absence of both allegation and proof of an ordinance authorizing the digging of the well at the cost of property-holders, and what property-holders, the judgment dismissing the petition was proper.
2. The affidavit of the plaintiff's attorney that he did not know of the existence of the general ordinance authorizing the digging of the well at the cost of property-holders within specified distances, until after the hearing and dismission of the suit, was insufficient to authorize a rehearing. It was the duty of the plaintiff and his attorney to know that there was such an ordinance before bringing the suit.

OLIVER H. STRATTON,                           For Appellant,
                    CITED—
*Sec. 4, art. 7, of the Charter of Louisville of* 1851.

BARRET & ROBERTS and
R. W. WOOLLEY,                                For Appellees..

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Without proof of an ordinance authorizing the digging of the well at the cost of property-holders, and what property-holders, the appellant could not maintain his action against the appellees for contribution. The ordinance filed did not do so, and a general ordinance that did was not exhibited. Consequently, in the absence of both allegation and proof of any such ordinance, the judgment dismissing the petition was proper and inevitable.

It was the duty of the appellant and his attorney to know that there was such an ordinance before the institution of the suit, which could not be maintained without it; and the affidavit of the attorney that *he* did not know of the existence of any such ordinance until after the hearing and dismission, was altogether insufficient to authorize a rehearing. Consequently, although the general ordinance sufficiently specified the distances as required by the charter, and gave reasonable notice to the owners who should contribute, yet, as the first judgment should stand, the last, to the same effect, should not be reversed; wherefore, the judgment appealed from is affirmed.